NOT FOR PUBLICATION                                    (Docket No. 3)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| WAL-MART STORES, INC. | : |
| Plaintiff, | : Civil No. 06-3132 (RBK) |
| v. | : **Opinion** |
| ELECTRIC INSURANCE CO., et als., | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

Before the Court is a motion by Plaintiff Wal-Mart Stores, Inc. to remand this action to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447(c). For the reasons provided below, Plaintiff's motion will be denied.

## I.   Background

Plaintiff Wal-Mart Stores, Inc. ("Wal-Mart"), a Delaware corporation with its principal place of business in Arkansas, opened a retail store in Lumberton, New Jersey.  Defendant General Electric Company ("GE"), a New York corporation with its principal place of business in Connecticut, manufactured an electrical panel board for use in this Wal-Mart location, and Defendant Neshaminy Electrical Contractors, Inc. ("Neshaminy"), a Pennsylvania corporation with its principal place of business in

Pennsylvania, installed it. The board supplied power to a receptacle in Wal-Mart's electronics department.

Wal-Mart alleges that on August 4, 2004, a loose connection in the board caused an "unbalanced voltage to the circuits fed from the panel board." According to Wal-Mart, the unbalanced voltage traveled to the receptacle and caused several power strips to malfunction, igniting a fire in the electronics department. Wal-Mart claims that the fire caused the store to close for a period of time, causing a loss of merchandise and clean-up costs.

After the fire, Wal-Mart alleges that the Township of Lumberton Fire Prevention Bureau ("Bureau") inspected the store and issued a violations report relating to the fire. Specifically, the Bureau required replacement of the breakers in the electrical panel.

Wal-Mart alleges that the fire, and the resulting damage, occurred because of the negligence of GE and Neshaminy in failing to properly manufacture, install, and inspect the panel board. Wal-Mart states that it "made claims upon" GE and Neshaminy by letter dated October 13, 2004, for recovery of damages. On October 20, 2004, Neshaminy denied liability for the fire and resulting damages. On November 2, 2004, Defendant Electric Insurance Co. ("EIC"), a Massachusetts corporation with its principal place of business in Massachusetts, responded on behalf

of GE, requesting additional information about the incident. Wal-Mart responded to the request for additional information by letter on November 8, 2004. As of the date Wal-Mart filed the Complaint, neither GE nor EIC had responded to Wal-Mart's claim for damages.

Wal-Mart filed a Complaint in the Superior Court of New Jersey, Law Division, Burlington County on June 6, 2006.  The Complaint alleges negligence against all defendants, breach of oral and written contract against Neshaminy, breach of express and implied warranties against all defendants, and demands relief in excess of $80,000, with pre- and post-judgment interest, attorney's fees, and costs.  On July 12, 2006, GE removed this action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332(a) and 1446(a).

Attached to GE's Notice of Removal is EIC's written consent to removal.  However, the Notice of Removal only mentions Neshaminy's oral consent to removal via telephone, and provides no written evidence of Neshaminy's consent.

Wal-Mart moved to remand this case on July 25, 2006.  Wal-Mart alleges that GE's Notice of Removal fails to comply with the "requirement" that all defendants "notify the Court, in writing, of their consent to removal." Defendants GE and EIC oppose this motion.

**II. Discussion**

    **A.    CONSENT TO REMOVAL**

Wal-Mart argues that this case should be remanded to state court because Defendant Neshaminy failed to provide written evidence of its consent to remove the case in GE's Notice of Removal. In so doing, Wal-Mart suggests that the law on this issue is "settled" in the District of New Jersey, and therefore written evidence of unanimous consent of all defendants is required. Defendants GE and EIC respond that Defendant Neshaminy consented, although not in writing, in the Notice of Removal. Moreover, Defendants assert that whether written evidence of consent by all defendants is required for removal in this District is an unsettled point of law.

    The federal removal statute states

> A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . . . within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . .

28 U.S.C. § 1446(a) and (b). It is well-settled that all defendants must join in or consent to the removal petition, commonly referred to as the "rule of unanimity." Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995) (citing Chicago, R.I. & P. Ry. Co. v. Martin, 178 U.S. 245, 24 (1900)). However, it is unclear how a "defendant or defendants" satisfy

the requirements of this statute.

In Siebert v. Norwest Bank MN, the Third Circuit stated that whether removal petitions on behalf of multiple defendants must include timely written consent by all defendants is unsettled in the Circuit.  166 F. App'x 603, 607 n.2 (3d Cir. 2006).  In addition, the Siebert court stated that, at the time of that opinion, at least two district courts had held that the law required "timely written consent" to remove by all defendants. Id. However, the Third Circuit specifically stated that this issue is a point of "disagreement among federal courts nationwide."  Id.

Wal-Mart relies almost exclusively on Michaels v. State of New Jersey to support its argument for remand.  955 F. Supp. 315 (D.N.J. 1996). In Michaels, the trial court held that where some defendants neither signed the removal petition, nor communicated their consent to removal directly to the court, their consent was legally insufficient for the purposes of the federal removal statute.  Id. at 321.  The Michaels court stated that at that time, no court in the District of New Jersey had addressed this issue, and then examined a host of opinions from other jurisdictions.  Id. at 320.  The court found that although there was some support for the removing defendants' position, see, e.g., Chrysler First Fin. Servs. v. Greenfield, 753 F. Supp. 939, 941 (S.D. Fla. 1991); Jasper v. Wal-Mart Stores, Inc., 732 F.

Supp. 104, 105 (M.D. Fla. 1990); Mech. Rubber & Supply Co. v. Am. Saw & Mfg. Co., 810 F. Supp. 986, 990 (C.D. Ill. 1990), the "majority view" supported the proposition that if a defendant did not sign the removal petition, the non-signing defendant had to communicate its consent to removal directly to the court, see, e.g., Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 n.11 (5th Cir. 1988); Landman v. Borough of Bristol, 896 F. Supp. 406, 409 (E.D. Pa. 1995); Martin Oil Co. v. Philadelphia Life Ins. Co., 827 F. Supp. 1236, 1239 (N.D. W.Va. 1993); Creedmore v. Food Lion, Inc., 797 F. Supp. 505, 509 (E.D. Va. 1992); Fellhauer v. City of Geneva, 673 F. Supp. 1445, 1447-48 (N.D. Ill. 1987); Mason v. IBM, 543 F. Supp. 444, 445 (M.D.N.C. 1982). Michaels, 955 F. Supp. at 320.  More precisely, the court held that another defendant could not represent the non-signing defendant's consent to removal. Id. In addition, the court found that most courts require "some form of unambiguous written evidence of consent to the court in a timely fashion."  Id. at 321 (citing Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994) (abrogated on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 353 (1999)); Getty, 841 F.2d at 1262 n.11). Therefore, the Michaels court found that the defendants who did not sign the removal petition did not properly join in or consent to the removal petition because they did not communicate their consent in any writing directed to the court.  Id. The court

6

elaborated that this requirement reflects "sound judicial policy" because requiring all defendants to sign a removal petition would be "senseless formalism," but "'to allow one party, through counsel, to bind or represent the position of other parties without their express consent to be so bound would have serious adverse repercussions . . . .'" Id. (quoting Creekmore, 797 F. Supp. at 509).

A search of additional case law yields opinions subsequent to the Michaels decision that further support the outcome in Michaels. In particular, the Court of Appeals for the Sixth Circuit held that "all defendants in the action must join in the removal petition or file their consent to removal in writing within" the statutory time period. Loftis v. United Parcel Serv., 342 F.3d 509, 516 (6th Cir. 2003). Likewise, in affirming a district court's remand, the Eleventh Circuit Court of Appeals implicitly construed the federal removal statute as requiring all defendants to sign the removal petition, or to include "a statement explaining their absence . . . with the petition for removal." In re Bethesda Memorial Hosp., Inc., 123 F.3d 1407, 1410 n.2 (11th Cir. 1997).

In their brief opposing remand, GE and EIC primarily argue that the case law is unsettled, and that Wal-Mart's interpretation of the federal removal statute is too formalistic. Defendants also argue that the risk of Rule 11 sanctions ensures

7

the validity of the representations made by counsel for defendants signing the removal petition regarding the consent of the non-signing defendants.  Notably, Defendants cite no case law to support their proposition, except for the cases cited in the Michaels opinion as supporting the minority view.

Although the Court is sympathetic to Defendants' arguments, the Court is persuaded by the majority view. Federal courts are courts of limited jurisdiction, and removal statutes should be strictly construed.  Shamrock Oil and Gas Corp. v. Sheets, 313 U.S. 100, 107 (1941); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).  Moreover, the rule of unanimity furthers "the congressional purpose of giving deference to a plaintiff's choice of state forum and of resolving doubts against removal in favor of remand." Shamrock, 313 U.S. at 108.

Therefore, the Court finds that although Neshaminy consented to the removal via a telephone conversation with GE counsel, Neshaminy failed to provide written consent of its approval directly to this Court within the statutory time period. Therefore, Neshaminy's consent is legally insufficient and because Neshaminy does not fall within any of the exceptions to the unanimity rule,[1] the failure of all Defendants to join in the

---

[1] "The unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined." Balazik, 44 F.3d at 213 n.4.

removal petition is a procedural defect.

**B.     ABILITY TO CURE DEFECT**

Defendants urge that if this Court finds that the federal removal statute requires written consent of all defendants, that the Court should provide Defendants with an opportunity to amend or supplement the Notice of Removal. Wal-Mart responds that the Court should not permit GE and EIC to supplement the Notice of Removal with Neshaminy's written consent because the 30-day statutory period expired.

"[T]his Court has discretion to allow Defendants to amend the removal petition to cure the procedural deficiencies discussed above if allowing such an amendment was in the interests of justice or judicial economy." Michaels, 955 F. Supp. at 322; Brown v. Sarubbi, No. 06-1634, 2006 U.S. Dist. LEXIS 48553, at *8-*9 (D.N.J. July 18, 2006). However, as with the statutory requirements for removal, the Court's ability to grant Defendants leave to cure the procedural defect is unclear. The Third Circuit has not yet decided the issue, see, e.g., Lewis v. Rego Co., 757 F.2d 66, 69 n.2 (3d Cir. 1985), and there is no clear guidance from other Circuit Courts of Appeal.

The Michaels court stated that, "barring extraordinary circumstances," that court was "not inclined to expand the thirty-day time limitation or [to] permit amendments to a notice of removal after the thirty day[]" statutory period ran. 955 F.

Supp. at 322. In Michaels, the court found extraordinary circumstances existed, including the fact that, at the time of the Michaels decision, there was "no published opinion by any court in this district that addresse[d] the issue of whether a formal writing is necessary to satisfy removing defendants' joinder obligations under 28 U.S.C. § 1446 and the case law elsewhere-and the statute itself-do not provide unambiguous guidance." Id. More importantly, the Michaels court found that the party challenging the removal petition was a nominal party, and the plaintiff failed to complain of the procedural defect in the removal petition. Id.

On the other hand, the court in Brown v. Sarubbi declined to permit the Defendants to cure the procedurally defective removal petition. 2006 U.S. Dist. LEXIS 48553, at *9. Although the defect in the removal petition was of a different nature, the Brown court found that permitting the defendants to cure the defect was not in the interest of justice or judicial economy. Id. In Brown, the court determined that the case was "in its infancy," and that the parties had filed no motions, other than the motion to remand, at the time of the decision. Id.

Like the removing defendants in Michaels, GE and EIC did not have clear guidance on how to meet the requirements of the federal removal statute. At the time they filed the removal petition, there was only one published opinion in this District

10

that provided guidance on the issue.  GE and EIC state in their brief opposing remand that they waited to get Neshaminy's consent, which delayed their filing the removal petition until the eve of the 30-day statutory deadline.  In addition, unlike Brown, this Court has a significant investment in this case at this time.  United States Magistrate Judge Donio has presided over a number of conferences to date, and this Court signed an order on November 22, 2006 dismissing with prejudice all claims and cross-claims against EIC per a stipulation by Wal-Mart. Given the lack of adequate guidance on the requirements of the federal removal statute, and this Court's investment in this case to date, the Court finds that remanding this case does not serve the interests of justice or judicial economy.  Therefore, the Court grants Defendants' request to cure the defect in the removal petition by filing Neshaminy's written consent to removal.

### III. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion to remand and grants Defendants' request to cure the defect in the removal petition.

Dated: 1/18/2007          s/Robert B. Kugler
                          ROBERT B. KUGLER
                          United States District Judge